[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTTIFF'S POST JUDGMENT MOTION TO REOPEN. CLARIFY AND CORRECT (#169)
The motion is granted. This court did not address the claims that arose after the hearings and rulings of Judge Margaret Driscoll. These new CT Page 8086 claims involve college education expenses for their children Anthony and Michael incurred after the evidence was concluded before Judge Driscoll on April 9, 1996. The parties are to share all of the remaining college related expenses 50/50 provided the item is within the scope of Article 4.1 of their separation agreement.
The plaintiff introduced a series of her checks paying Anthony's rent for an off campus unfurnished apartment totaling $15,925 (Exhibit A-1 through A-24). The expense is allowed.
The plaintiff claims $2,346.00 for furniture rental for the apartment occupied by their child while at college but living off the campus. The court allows the claim (plaintiff's Exhibit F). The plaintiff also paid utilities for the apartment totaling $751.87. The court allows the claim (plaintiff's Exhibit E.)
The plaintiff stayed at the apartment from February 14, 1998 until June, 1998 while their son was recuperating from an injury. He was unable to drive an auto during this time. The plaintiff was unable to drive the son's car for it had a manual transmission. The plaintiff has made claim for auto rental expenses for an auto equipped with an automatic transmission. The court disallows the claim.
The plaintiff paid for Anthony's parking expenses of $2,005.00 (Exhibit G). They are being allowed as are the defendant's service expenses for maintaining the vehicle while their son had the car in Chicago, (defendant's Exhibit # 6).
The plaintiff allowed their son Anthony to make ATM withdrawals on her account as his food allowance totaling $13,816.00. They are found to be education expenses (plaintiff's Exhibit H).
The court disallows the airline travel (plaintiff's Exhibits B and J) as not transportation connected with college but rather expense incurred for personal reasons.
The court allows the tuition claim plaintiff paid for Anthony in the amount of $45,762.15 (plaintiff's Exhibit I) less $1,573.29 credit of June 17, 1997 (I-3) for a net of $44,188.86.
The plaintiff paid tuition expenses for their son Michael of $13,610.99 from April, 1996 to August, 1998 while he attended Lynchburg College in Virginia. (Plaintiff's Exhibit C.) The claim is allowed by the court. Michael lived off campus. The plaintiff paid the rent to the landlord Calvin Gibson totaling $2,115.00 (Exhibit K). The plaintiff also sent money to Michael for food, rent due Walden Pond where he lived the first CT Page 8087 year. One item for Anthony is also included in the total. The court allows the expense (Exhibit L) of $10,557.91
The plaintiff cannot be charged for Michael's trading in a car and receiving $9,500.00.
The court allows the following claims of the defendant:
 Exhibit#1 $1,500.00 Exhibit#2 190.00 Exhibit#3 0 Exhibit#4 241.50 Exhibit#6 3,199.85 Exhibit#7 2,680.97 Exhibit#8 4,706.55 Exhibit#9 1,400.00 Exhibit#10 1,182.22 Exhibit#11 6,797.00 Exhibit#12 936.11
Total $22,834.20
The court finds no contempt, for the defendant did not receive fair notice of many of the claims of plaintiff. They did not communicate in any way. The court finds the plaintiff is at least as responsible as the defendant for these several hearings extending over several years. No attorney's fees are awarded to either party.
The court finds that the plaintiff paid $105,316.63 of educational expenses and that the defendant has paid $22,824.20 for a total of $128,150.83. The plaintiff is entitled to a 50% reimbursement of the excess or $52,663.32. The defendant shall pay $10,000 per month commencing on April 1, 2001. No interest is awarded.
So Ordered.
HARRIGAN, JUDGE.